Filed 7/31/26  Marriage of Kravchenko CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| In re the Marriage of SVITLANA and IGOR KRAVCHENKO. | C103501 |
| SVITLANA KRAVCHENKO,<br>        Respondent,<br><br>        v.<br><br>IGOR KRAVCHENKO,<br>        Appellant. | (Super. Ct. No. 14FL00532) |

Appellant Igor Kravchenko appeals the trial court's judgment dividing community property following the dissolution of his marriage to respondent Svitlana Kravchenko. Appellant has forfeited his present challenges to the division of assets and awards of credits, but even considering them, we discern no error.  We therefore affirm.

BACKGROUND

After more than two decades of marriage, the parties separated in November 2013, and respondent filed a petition for dissolution of their marriage soon after.  According to the parties, in December 2014, the trial court entered a status-only judgment dissolving the marriage but reserving jurisdiction over all other issues.  A bench trial on reserved issues regarding the division of the parties' community property took place over various

1

dates in July 2024 and concluded on August 9, 2024. The court took the matter under submission, and appellant requested a statement of decision.

In November 2024, the trial court issued a tentative decision and directed respondent's counsel to prepare a statement of decision. Appellant filed timely objections to the tentative decision, and respondent filed proposed corrections to the tentative decision and a proposed statement of decision. The court held a hearing on the parties' objections in February 2025 and said that a statement of decision would follow.

The following month, the trial court issued its judgment on the division of community property. As to the three real properties owned by the community, the court awarded respondent the former family residence in Sacramento in which she still lived with the parties' two teenage daughters, subject to her ability to refinance the property loan that was in appellant's name. The court awarded appellant a residence in Carmichael in which he lived. It also ordered that a rental property in Antelope be sold and the proceeds divided to accomplish an equal division of all property.

The trial court then addressed the appropriate *Epstein* credits and *Watts* charges associated with each of the residences since the parties' separation. (*In re Marriage of Epstein* (1979) 24 Cal.3d 76, 84 (*Epstein*) [spouse who uses separate funds to pay community obligations after separation is generally entitled to reimbursement for those payments from the community]; *In re Marriage of Watts* (1985) 171 Cal.App.3d 366, 374 (*Watts*) [spouse who has exclusive use of community property post-separation may be ordered to reimburse the community for the use].) As to the Sacramento residence, the court denied *Epstein* credits for respondent's payment of the mortgage and other property expenses because she had received the benefit of residing in the home. The court likewise declined to impose any *Watts* charges for the fair rental value of respondent's use of the Sacramento residence, based on the benefit of maintaining a stable home for the children and the fact that the expert's opinion on the fair rental value was based purely on market research, without any personal knowledge of the property's condition

during the 10 years before he visited the property in 2023. To the degree that appellant also made payments on the Sacramento property, the court denied him *Epstein* credits, reasoning that his payments were "in lieu of support." As to the Carmichael residence, the court imposed *Watts* charges for the fair rental value of appellant's use of the property, deducting *Epstein* credits for the property taxes and insurance he paid on the property. And as to the Antelope rental property, the court awarded respondent *Epstein* credits in the amount of $65,512.76 for the expenses she paid on the property in excess of the rental income received.

Next, the trial court denied appellant's request for reimbursement for his payment of the cost of what he described as " 'family' health insurance," stating that appellant failed to provide any evidence of how much of that cost was for his own health insurance versus the cost for respondent and the children. The court also credited each party for the amount he or she paid toward their joint 2013 tax bill.

The trial court acknowledged having received an agreement from the parties in July 2024 regarding the disposition of their vehicles, certain bank accounts, and retirement accounts. The court stated that the agreement "shall be attached to this Judgment and incorporated herein as if a part of the Judgment." The agreement does not appear in the record on appeal.

To effectuate its division and award of property, the trial court ordered that respondent was to receive $833,288.24 (assuming the refinance of the Sacramento residence and including other assets and credits); appellant was to receive $848,490 (including the value of the Carmichael residence and other assets and credits); and respondent was to receive the first $15,201.76 from the proceeds of the sale of the Antelope rental property to equalize the division, with the remainder of the sale proceeds (after costs and other outstanding community obligations) to be equally divided between the parties. If respondent could not refinance the Sacramento residence, then that

3

property was to be sold along with the Antelope property, with respondent to receive a greater equalizing sum from the proceeds of both sales.

Appellant filed a timely notice of appeal. In his notice designating the record on appeal, appellant requested a partial reporter's transcript of select proceedings. Of the multiple days of trial, the notice designated only the final day.

DISCUSSION

Appellant challenges the trial court's division of the parties' community property. We review orders dividing community property for abuse of discretion. (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 309 (*Oliverez*); see *In re Marriage of Wozniak* (2020) 59 Cal.App.5th 120, 130 [trial court has broad discretion to determine the manner in which community property is divided].) A court abuses its discretion if it "exceed[s] the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.)

I.

We begin by addressing the record.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) It is an appellant's "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred." (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264.)

Appellant's choice to proceed in this appeal with a transcript of less than all of the trial testimony limits his ability to carry this burden. As mentioned, the trial on the division of property took place over several days. Yet appellant designated only the final day of trial for inclusion in the reporter's transcript. As respondent had already concluded her case-in-chief before the final day of trial, the transcript includes only the

4

testimony presented in appellant's case-in-chief, both parties' short rebuttals, and closing arguments.

Under California Rules of Court, rule 8.130(a)(2), if an appellant "designates less than all the testimony, the notice must state the points to be raised on appeal; the appeal is then limited to those points unless, on motion, the reviewing court permits otherwise." A reviewing court "will not consider a contention not included in the specification of points to be raised in an appeal in which the appellant proceeds by partial transcript." (*Aspen Grove Condominium Assn. v. CNL Income Northstar LLC* (2014) 231 Cal.App.4th 53, 60.)

Here, appellant failed to state the points to be raised on appeal, either in the notice designating the record on appeal (which instructed him to do so) or in his notice of appeal. And he has not requested this court's permission to address issues not previously specified. By providing only a partial transcript and identifying no points to be raised on appeal, appellant has forfeited the arguments now raised in his appellate briefing. (See *Aspen Grove Condominium Assn. v. CNL Income Northstar LLC*, *supra*, 231 Cal.App.4th at p. 60.)

We have nevertheless exercised our discretion to address the merits of the contentions raised on appeal, to the extent permitted by the briefing and the partial record before us. As we explain below, we find no error in the trial court's judgment.

## II.

Appellant first contends that the trial court's division of the three real properties was not equal in economic value or practical impact. He maintains that the court violated Family Code section 2550 by awarding respondent "the best residence," while giving him the "least livable" one.[1]

---

[1] Undesignated statutory references are to the Family Code.

Section 2550 states that, with certain exceptions not applicable here, the court shall "divide the community estate of the parties equally." "In satisfying this mandate, 'the court must distribute both the assets and the obligations of the community so that the residual assets awarded to each party after the deduction of the obligations are equal.' " (*In re Marriage of Walrath* (1998) 17 Cal.4th 907, 924.)

Here, consistent with section 2550, the trial court's division of the marital estate allocated assets of equal total value to each spouse. Appellant emphasizes that the Carmichael property he received was too small to accommodate him and the couple's two teenage daughters, but this bare observation does not establish any abuse of discretion in the trial court's selection of which property to award to which spouse. Moreover, as the trial court explained in rejecting appellant's objection to the tentative division of residences, appellant remained free to sell the property that was awarded to him and use those proceeds, plus those from the forthcoming sale of the rental property, to buy a property better suited to his needs. As the total assets awarded to each party were numerically equal, appellant fails to show an abuse of discretion in the court's division of the real properties. (See *In re Marriage of Honer* (2015) 236 Cal.App.4th 687, 702 [no error in awarding husband marital home, other real property, and family business, where wife received other properties and $1.5 million equalizing payment such that each party received same overall value of assets].)

III.

Next, appellant challenges the trial court's awards of various credits and charges. He begins by contesting the court's application of certain *Epstein* credits and *Watts* charges. We review the trial court's award of credits and charges for abuse of discretion. (*Oliverez*, *supra*, 33 Cal.App.5th at p. 318; see *In re Marriage of Mohler* (2020) 47 Cal.App.5th 788, 797 (*Mohler*).) " ' "As long as the court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it. [Citation.]" ' " (*Oliverez*, at pp. 318-319.)

6

Starting with the $65,512.76 *Epstein* credit the trial court awarded respondent for expenses paid in excess of the rental income received on the Antelope property, appellant argues first that the court erred by relying only on respondent's testimony and tax returns instead of requiring "receipts or records" that the expenses were paid from respondent's separate property funds. (See *Epstein*, *supra*, 24 Cal.3d at p. 84 [adopting rule that spouse should be reimbursed for use of separate funds to pay preexisting community obligations].) He further contests the court's rejection of evidence he purportedly presented (for which he supplies no record citation) that respondent should have received higher rental income from the property that would offset her claimed expenses. The court expressly found respondent's testimony regarding her payment of the Antelope property expenses credible and corroborated by the evidence contained in her income tax returns. On appeal, we do not reassess witness credibility or reweigh the evidence. (*Oliverez*, *supra*, 33 Cal.App.5th at p. 319.) Moreover, because we lack a record of respondent's testimony on this subject, we must presume that it was sufficient to establish that her payments came from her own separate funds. (See *City of Los Angeles v. Herman* (2020) 54 Cal.App.5th 97, 103, fn. 3 ["we must presume that the missing portions of the record would support the trial court's Order … because an appealed judgment is presumed correct, and it is the appellant's burden to show error"].)

Appellant further argues that the trial court improperly increased respondent's *Epstein* credit by $37,666.76 between its tentative and final rulings without giving him a chance to object. The record, however, reflects that appellant received notice of—and specifically objected to—respondent's contention in her proposed corrections to the tentative decision that the court had undervalued her payments on the Antelope property. The court then addressed and found merit to respondent's contention at the February 2025 hearing on the parties' objections, which both parties attended. We thus reject appellant's assertion of unfair surprise.

Separately, appellant contends that the trial court erroneously denied his request for an *Epstein* credit for payments he made on the Sacramento property while respondent and the couple's children were living there.  He argues in a single sentence that the court's rationale that any such payments were " 'in lieu of support' " "finds no support in *Epstein* or its progeny."  Because appellant provides no reasoned argument or citations to authority in connection with this assertion, we do not address it.  (*Br. C. v. Be. C.*, *supra*, 101 Cal.App.5th at p. 264 [failure to support a point with reasoned argument and citations results in forfeiture]; *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 [self-represented litigants treated same as other litigants].)  And in any event, *Epstein* expressly contemplates that, because both spouses have mutual duties of support and a duty to support their dependent children, " 'reimbursement should not be ordered where the payment on account of a preexisting community obligation constituted in reality a discharge of the paying spouse's duty to support the other spouse or a dependent child of the parties.' "  (*Epstein*, *supra*, 24 Cal.3d at pp. 84-85.)

In addition, appellant argues that the trial court improperly imposed *Watts* charges against him for the fair rental value of his occupancy of the Carmichael property while declining to impose such charges against respondent for her exclusive use of the Sacramento property.  The court found it inappropriate to impose *Watts* charges for respondent's occupancy of the Sacramento residence both because of the benefit of her being able to maintain a stable home for the children and because of the fair-value expert's lack of personal knowledge of the property's historical condition throughout the separation period.  Appellant contends that, under *Mohler*, *supra*, 47 Cal.App.5th 788, and *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, *Watts* charges apply whenever one spouse has exclusive use of the subject property.  While those cases state that *Watts* charges are available in that scenario (*Mohler*, at p. 796; *Falcone*, at p. 978), it is also well recognized that a trial court "has discretion, based on equitable considerations, as to whether to impose *Watts* charges."  (*Mohler*, at p. 797.)  Contrary to

appellant's assertion, the fact that the trial court here imposed *Watts* charges for his exclusive occupancy of the Carmichael property did not compel the simultaneous imposition of *Watts* charges against respondent, as each determination was based on separate equitable considerations. Appellant fails to show that it was an abuse of discretion to decline *Watts* charges for respondent's use of the Sacramento property.

Finally, appellant asserts that the trial court erred in denying him reimbursement for payments he made for family health insurance and in crediting respondent for the portion of the 2013 tax bill she paid. The court denied appellant reimbursement for the health insurance payments because, it found, he failed to provide any evidence of how much of that cost was for his own health insurance versus the cost for respondent and their children. Appellant's limited briefing on this issue fails to direct us to anything in the record that would contradict this finding. Appellant likewise fails to develop, or cite record support for, his argument that the trial court failed to consider that respondent's tax payment was necessitated by her own misconduct and thus not subject to reimbursement. Moreover, we note that in rejecting appellant's objection to this portion of the tentative decision, the court stated that it had found, based on both parties' testimony, that the parties were "equally unable" to take the necessary steps to avoid the underlying tax penalty and "was not persuaded that it was any one person's fault."

IV.

In his final contentions on appeal, appellant advances three procedural arguments. First, he claims that the trial court's judgment is infirm because it failed to resolve all community assets. Appellant notes that the judgment incorporated a July 2024 agreement concerning the disposition of certain assets but failed to attach the agreement. No such agreement appears in the record before us, but the trial court's judgment expressly states that the agreement is "incorporated herein as if a part of the Judgment." Thus, the agreement was made part of the judgment, whether or not it was physically attached.

9

Second, appellant claims that respondent's trial counsel committed various forms of misconduct, such as making false representations and obstructing access to evidence, that affected the outcome of the proceeding. Appellant provides no record citations for these broad accusations, and we thus decline to address them. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 596 [parties forfeit arguments by failing to support statements in the argument section of a brief with record citations].)

Third, appellant contends that the trial court failed to issue a statement of decision despite his timely request. (Code Civ. Proc., § 632, subd. (a).) The clerk's transcript does not include all of the documents relevant to the preparation and issuance of a statement of decision, but the judgment states that "[t]he [c]ourt and parties treated the [c]ourt's Tentative Decision as a Statement of Decision after the Petitioner filed 'corrections' and a 'Corrected Statement of Decision[.]' "

But even assuming there was no qualifying statement of decision, appellant has not shown that he was prejudiced by the omission. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 ["error in failing to issue a requested statement of decision is not reversible per se, but is subject to harmless error review"]; *Parris J. v. Christopher U.* (2023) 96 Cal.App.5th 108, 134-135 [appellant bears burden to show prejudice].) Appellant contends that the lack of a statement of decision has impaired meaningful appellate review by obscuring the factual and legal basis of the judgment. We disagree because the judgment itself adequately "sets forth the reasons for the award," so any "absence of a statement of decision does not hamper our review." (*In re Marriage of Seaman & Menjou* (1991) 1 Cal.App.4th 1489, 1494, fn. 3; see *Alafi v. Cohen* (2024) 106 Cal.App.5th 46, 68 ["In certain circumstances, even without a statement of decision, a judgment may nevertheless contain a satisfactory explanation of the trial court's reasoning"].)

10

## DISPOSITION

The judgment is affirmed.  No costs are awarded to respondent as she has not filed a brief in this appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/_____
FEINBERG, J.

We concur:


/s/_____
ROBIE, Acting P. J.


/s/_____
BOULWARE EURIE, J.